IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                       CASE NO. 5:19-CR-50079-001
                         CASE NO. 5:19-CR-50079-002

PAUL PETERSON and MAKI TAKEHISA                                          DEFENDANTS

## AMENDED PRETRIAL SCHEDULING ORDER

### I.   TRIAL SETTING AND PRETRIAL CONFERENCE

This case is set for trial on **FEBRUARY 16, 2021 at 9:00 a.m.** in Fayetteville, Arkansas, before the Honorable Timothy L. Brooks. A pretrial conference will be conducted on **JANUARY 29, 2021 at 9:00 a.m.** in Fayetteville, Arkansas.

### II.   PRETRIAL DISCOVERY AND INSPECTION

#### A.   Government's Discovery Obligations

It is the Court's understanding that upon arraignment the parties mutually invoked full reciprocal discovery obligations pursuant to Rule 16. Accordingly, with regard to the Defendants' request for discovery pursuant to Rule 16(a), the Government shall provide the following materials (if it has not already done so) by not later than **JANUARY 17, 2020:**[1]

> (1)   the substance of any relevant oral statement made by the Defendants, before or after arrest, in response to interrogation by a person the

---

[1] This deadline does not apply to items seized from Mr. Peterson which are presently the subject of taint reviews for privileged information. Documents provided to the prosecution team post-taint review shall be subject to these same discovery obligations within thirty (30) days of receipt by the prosecution team – absent good cause shown.

1

        Defendants knew was a Government agent if the Government intends to use the statement at trial, Fed. R. Crim. P. 16(a)(1)(A);

(2) any relevant written or recorded statement by the Defendants if: the statement is within the Government's possession, custody, or control; and the attorney for the Government knows---or through due diligence could know---that the statement exists, Fed. R. Crim. P. 16(a)(1)(B)(i);

(3) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the Defendants made the statement in response to interrogation by a person the Defendants knew was a Government agent, Fed. R. Crim. P. 16(a)(1)(B)(ii);

(4) the Defendants' recorded testimony before a grand jury relating to the charged offense, Fed. R. Crim. P. 16(a)(1)(B)(iii);

(5) the statement of any organizational Defendants in accordance with Fed. R. Crim. P. 16(a)(1)(C);

(6) a copy of the Defendants' prior criminal record that is within the Government's possession, custody, or control if the attorney for the Government knows---or through due diligence could know---that the record exists, Fed. R. Crim. P. 16(a)(1)(D);

(7) books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the Government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the Government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the Defendants, Fed. R. Crim. P. 16(a)(1)(E);

(8) the results or reports of any physical or mental examination and of any scientific test or experiment if:  (i) the item is within the Government's possession, custody, or control; (ii) the attorney for the Government knows---or through due diligence could know---that the item exists; (iii) and the item is material to preparing the defense or the Government intends to use the item in its case-in-chief at trial, Fed. R. Crim. P. 16(a)(1)(F); and

(9) a written summary of any testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial, Fed. R. Crim. P. 16(a)(1)(G).

## B. The Government's Other Required Disclosures

In addition to Rule 16 discovery, the Government has additional disclosure obligations. The Court encourages the early disclosure of the following materials (and any other notices required by the Federal Rules of Evidence) in order to avoid any unnecessary delay in the trial of this case.

(1) The Government must provide reasonable notice of the general nature of any evidence of the Defendants' other crimes, wrongs, or acts that---although inadmissible to prove the Defendants' bad character---the Government believes to be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, concerning any instant charge, in accordance with Fed. R. Evid. 404(b).

(2) *Brady* material: Any evidence which might tend to exculpate Defendants, mitigate punishment, or impeach testimony which may be determinative of Defendants' guilt or innocence should be disclosed as soon as reasonably possible. *Brady v. Maryland*, 373 U.S. 83 (1963).

(3) *Jencks Act* material: Statements of witnesses the Government intends to call at trial must be disclosed by not later than immediately after the witness has testified on direct examination. 18 U.S.C. § 3500; *see also United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998). See also the requirements and potential sanctions found at Rule 26.2.

(4) *Giglio* material: Evidence of plea agreements or other promises made by the Government to a witness must be disclosed by not later than immediately prior to the testimony of the witness to whom such material relates, *Giglio v. United States*, 405 U.S. 150 (1972).

## C. Government's Decision not to Disclose

The Government may decline to make any one or more of its required disclosures if, in the judgment of the Government, **it would not be in the interests of justice to make such disclosure.** But in that event, the Government must, **by any applicable disclosure deadline,** make such declination in a writing directed to Defendants' counsel,

and shall specify the types of disclosures that are declined. If the Defendants seek to challenge the declination, Defendants should proceed pursuant to paragraph "G" below.

### D.     Information the Government is Not Required to Disclose

Except as provided in Federal Rule of Criminal Procedure 16(a)(1), the Government is not obligated to disclose reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500. Fed. R. Crim. P. 16(a)(2).

Except for scientific or medical reports, the Defendants are not obligated to disclose (A) reports, memoranda, or other documents made by the defendants, or the defendants' attorney or agent, during the case's investigation or defense; or (B) a statement made to the defendants, or the defendants' attorney or agent, by: (i) the defendants; (ii) a government or defense witness; or (iii) a prospective government or defense witness. Fed. R. Crim. P. 16(b)(2).

The Government is directed to maintain the "field notes" of any Government agent made during the investigation of this case. These notes are not discoverable except on separate Order of the Court.

### E.     Defendants' Discovery Obligations

The Defendants shall have thirty (30) days[2] from receipt of the Government's Rule 16(a) discovery responses (or from the date of this Order, whichever is later) to provide the disclosures required by Rule 16(b), including:

---

[2] All deadlines in this order are calculated as calendar days and not business days.

(1) books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the Defendants' possession, custody, or control; and (ii) the Defendants intend to use the item in the Defendants' case-in-chief at trial, Fed. R. Crim. P. 16(b)(1)(A); and

(2) the results or reports of any physical or mental examination and of any scientific test or experiment if: (i) the item is within the Defendants' possession, custody, or control; and (ii) the Defendant intends to use the item in the Defendants' case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony, Fed. R. Crim. P. 16 (b)(1)(B).

**An extension of the Defendants' disclosure deadline will only be granted for good cause shown.**

### F. The Defendants' Other Required Disclosures

The following material should also be disclosed by the Defendants as noted below. The Court encourages the early disclosure of the following material in order to avoid any unnecessary delay in the trial of this case.

(1) The Defendants must, by no later than **FEBRUARY 21, 2020**, give to the government a written summary of any testimony that the Defendants intend to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, assuming the Government has complied with its expert witness obligations. (See Rule 16(b)(1)(C).)

(2) **If the Defendants give notice under Rule 12.2(b) of an intent to present expert testimony as to a defendant's mental condition, then the Defendant(s) must provide the disclosures mandated under Rule 12.2(b)(ii) at the same time that such notice is given.**

(3) Witness statements, in accordance with the requirements (and subject to the potential sanctions), of Rule 26.2.

### G. Motions to Compel

In the event either party seeks discovery or inspection of material the other party has elected not to disclose, the requesting party may file a motion to compel disclosure.

Such motion must be filed within ten (10) days after the receipt of the declination to disclose by the opposing party. **In order to be considered by the Court, any motion to compel disclosure must contain:**

(1) a statement that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without intervention of the Court; and

(2) the date of said conference.

In order to expedite the Court's consideration, the motion should make clear the specific discovery or inspection issue in dispute.

**The failure to file a timely motion to compel may result in the waiver of any objection to the declination to disclose.**

### H.      Continuing Duty to Disclose

Any party's duty of disclosure and discovery set forth in this order is a continuing one. Fed. R. Crim. P. 16(c).

### III.    DISPOSITIVE MOTIONS, DEFENSES, OBJECTIONS AND OTHER REQUESTS

The deadline to file dispositive motions and/or to raise any defense, objection or request capable of determination without trial of the general issue[3] is **SEPTEMBER 1,**

---

[3] Those matters include, but are not limited to, those listed in Fed. R. Crim. P. 12(b)(3): (1) defects in the institution of the prosecution, (2) defects in the indictment, (3) suppression of evidence, and (4) severance under Fed. R. Crim. P. 14. Also included, without limitation, are (5) selective or vindictive prosecution, (6) outrageous Governmental misconduct, (7) misjoinder, (8) pre-indictment delay, (9) speedy trial, (10) prejudicial publicity, (11) lack of personal jurisdiction, (12) Posse Comitatus Act [18 U.S.C. 1385], (13) recantation as a defense to perjury, (14) limitations, (15) double jeopardy, (16) multiple sentencing, and (17) immunity.

**2020.** *See* Rule 12(c). Any response to such a motion must be filed within fourteen (14) days.

### IV.   MOTIONS IN LIMINE, WITNESSES, AND EXHIBITS

Motions in limine must be filed by **JANUARY 8, 2021.** Responses to such motions should be filed by **JANUARY 15, 2021.** If any motion in limine has not been ruled on by the date of the pretrial conference, counsel should be prepared to present oral argument on the motion at that time.

The Government is directed to provide the Court (via email) and Defendants copies of its tentative witness and exhibit lists by no later than the close of business **DECEMBER 30, 2020.** The Government's *final* exhibit and witness lists, as well as its exhibit notebooks must be provided to Chambers by not later than **JANUARY 22, 2021.**

Except for good cause shown, the Defendants shall disclose their tentative witness and exhibit lists to the Court (via email) and opposing counsel by no later than **JANUARY 26, 2021.** Defendants do NOT need to re-list any witnesses or exhibits that appear on the Government's FINAL witness and exhibit lists. Also, Mr. Peterson and Ms. Takehisa need not disclose whether they will testify until trial. The Court asks that the Defendants' proposed exhibits be provided to Chambers in a notebook (indexed and tabbed) by not later than the pretrial conference on **JANUARY 29, 2021.** However, Defendants do NOT need to provide copies of exhibits that appear on the Government's FINAL exhibit list.

### V.   JURY INSTRUCTIONS

To the greatest extent possible, the parties should confer regarding the proposed jury instructions in an attempt to narrow areas of disagreement. With regard to instructions that are mutually agreed, the Government shall submit a packet of AGREED

instructions (clearly marked "AGREED" on each instruction) to the Court on or before **JANUARY 22, 2021**. The Eighth Circuit Model instructions should be used whenever possible, and all instructions should note the source and/or basis of the instruction at the end of each instruction. "AGREED" verdict forms should be submitted by the deadline as well.

If the parties cannot agree to a particular instruction(s), the party requesting a disputed instruction must submit it to the Court and to opposing counsel by the same deadline. Such instructions should be clearly marked as "[Government's/Defendants'] DISPUTED Instruction No. ____." The legal basis for the instruction and brief description of the parties' disagreement shall be provided with the disputed instruction (either in the space below the instruction or attached on a separate page).

Agreed and disputed instructions/verdict forms should be submitted electronically in Word format to *tlbinfo@arwd.uscourts.gov*.

## VI.    STATEMENT OF THE CASE

By no later than **JANUARY 22, 2021**, each party must submit to the Court (via email) a concise proposed statement of the case, no more than one page in length. The statement (as ultimately edited by the Court) will be used to introduce the case to the venire panel and provide context to aid the panel in determining whether they might have a conflict of interest or other touchpoint or life experience that would hinder their ability to be fair and impartial. The same (or substantially similar) statement of the case will also be inserted into the preliminary jury instructions and will be read to the jury prior to opening statements. Your proposed statement should be concise, neutral, balanced, and devoid of unnecessary detail.

## VII. CHANGE OF PLEA

In the event of a decision to enter a plea of guilty, the Court and counsel opposite must be advised in writing or by e-mail no later than **NOVEMBER 16, 2020**. A copy of the signed plea agreement must be submitted to the Court (via email) by no later than **NOVEMBER 19, 2020**.

**BE ADVISED,** that any notice of pleas received after **NOVEMBER 16, 2020, will result in an "open" plea** (*i.e.* the defendants will be pleading guilty without the benefit of a plea agreement), unless the Court, for *exceptionally* good cause shown, grants an exception. A case will not be removed from the trial docket until a signed plea agreement has been received and a date and time have been set for the defendants to enter a plea of guilty.

**IT IS SO ORDERED** this 20th day of December, 2019.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE